United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50493
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO FRANCISCO RAMIREZ-SANCHEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:03-CR-817-1-AML

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roberto Francisco Ramirez-Sanchez ("Ramirez") pleaded guilty to illegal reentry into the United States following deportation. He was sentenced to thirty-six months of imprisonment. Ramirez argues that his sentence is unconstitutional because it was enhanced for a prior aggravated felony under 8 U.S.C. § 1326(b). Ramirez acknowledges that his argument was rejected by the Supreme Court in Almendarez-Torres v. United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>States</u>, 523 U.S. 224 (1998), but argues that he is raising it to preserve it for further review.

In <u>Almendarez-Torres</u>, 523 U.S. at 235, the Supreme Court held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b) and not a separate element of a criminal offense. <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000), did not overrule <u>Almendarez-Torres</u>. See <u>Apprendi</u>, 530 U.S. at 489-90; see also <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000). The Supreme Court's decisions in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), and <u>United States v. Booker</u>, 125 S. Ct 738 (2005) did not overrule <u>Almendarez-Torres</u>. See <u>Booker</u>, 125 S. Ct. at 756; <u>Blakely</u>, 124 S. Ct. at 2536-43. This court does not have the authority to overrule <u>Almendarez-Torres</u>. See <u>Dabeit</u>, 231 F.3d at 984. Thus, Ramirez's argument is foreclosed.

For the first time on appeal, Ramirez argues that his sentence is unconstitutional, in light of <u>Booker</u>, because his sentence was increased based upon facts that he did not admit. Specifically, he contends that the district court's determination, pursuant to U.S.S.G. § 4A1.1(d), that he was on parole at the time he committed the instant offense violated his Sixth Amendment rights. He further contends that his sentence is unconstitutional because it was imposed pursuant to a mandatory application of the sentencing guidelines.

Because Ramirez did not raise these issues in the district court, this court reviews the arguments for plain error.

2

See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (U.S. Mar. 31, 2005) (No. 04-9517); United States v. Valenzuela-Quevedo, ___ F.3d ___, No. 03-41754, 2005 WL 941353 *4 (5th Cir. Apr. 25, 2005). Thus, Ramirez must show: (1) an error; (2) that is clear or plain; (3) that affected his substantial rights; and (4) that seriously affected the fairness, integrity or public reputation of his judicial proceedings. United States v. Olano, 507 U.S. 725, 732-35 (1993).

Ramirez makes no showing that the district court would likely have sentenced him differently under the Booker advisory scheme. Similarly, there is no indication from the court's remarks at sentencing that the court would have reached a different conclusion. Thus, Ramirez has not demonstrated that his substantial rights were affected, and he has thus failed to carry his burden under plain-error review. See Mares, 402 F.3d at 521-22; Valenzuela-Quevedo, 2005 WL 941353 at *4. Accordingly, Ramirez's sentence is **AFFIRMED**.